UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>          Plaintiff,                 )<br>                                     )<br>     v.                              )      CIVIL NO. 06-421-SM<br>                                     )<br>Land and Buildings Located at 10 Towle Road,    )<br>Kingston, New Hampshire, with all Appurtenances )<br>and Improvements Thereon, Owned by Theodore Gagalis, )<br>                                     )<br>          Defendant-in-rem.          )<br>_____) | |

### ORDER FOR INTERLOCUTORY SALE OF LAND AND BUILDINGS LOCATED AT 10 TOWLE ROAD, KINGSTON, NEW HAMPSHIRE

Having reviewed the Motion for Interlocutory Sale of Land and Buildings Located at 10 Towle Road, Kingston, New Hampshire,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The defendant-in-rem real property, Land and Buildings Located at 10 Towle Road, Jaffrey, New Hampshire, with all Appurtenances and Improvements Thereon, Owned by Theodore Gagalis, shall be sold at an interlocutory sale pursuant to the terms set forth in the Motion for Interlocutory Sale;

2. Mr. Gagalis will execute promptly any documents which may be required to complete the interlocutory sale of the defendant property;

3. The United States Marshals Service (USMS) will promptly market and sell the property at a commercially reasonable price;

4. The USMS may, in its sole discretion, reject any offer to purchase the defendant property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture;

5.  The net proceeds from the sale of the defendant property will include all money realized from the sale of the defendant property, except for the following expenses, which shall be paid at the time of closing from the proceeds of the sale:

  1. Real estate commissions, if any;
  2. The amounts due to lienholders;
  3. Real estate property taxes which are due and owing;
  4. Insurance costs, if any;
  5. Escrow fees;
  6. Document recording fees not paid by the buyer;
  7. Title fees;
  8. Transfer taxes;

6.  The net proceeds realized from the sale of the defendant property shall be provided as a "substitute *res*" for the defendant property named in this lawsuit, and shall be remitted to the custody and control of the United States Marshals Service as a substitute *res* in this case, and held pending further order of the Court; and

7.  Mr. Gagalis will retain custody, control, and responsibility for the defendant property, will retain existing hazard and homeowners' insurance on the defendant property, and will maintain the structure and grounds in a manner consistent with offering the property for sale.

Dated: May 18, 2011

/s/ Steven J. McAuliffe
_____
Steven J. McAuliffe, Chief Judge
U.S. District Court

2