UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>,
         Government

         v.                                       Case No. 06-cv-421-SM
                                                  Opinion No. 2012 DNH 151
<u>Land and Buildings Located at
43 Mill Road, Kingston, NH,
With all Appurtenances and
Improvements Thereon,
Owned by Margaret Pandelena;</u>

<u>Land and Buildings Located at
10 Towle Road, Kingston, NH,
With all Appurtenances and
Improvements Thereon,
Owned by Theodore Gagalis;</u>
         Defendants in rem.


                             **O R D E R**


    Petitioner, Theodore Gagalis, has stipulated that real estate he owns — the defendant in rem in this civil forfeiture case — was used to commit and to facilitate the commission of drug offenses, for which he was convicted in state court, and so is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). Gagalis's equitable interest in the property is valued at approximately $111,000.  Seeking to avoid forfeiture of his property (or the value of his equity), however, Gagalis moves the court to determine that, under the particular facts of his case, forfeiture would constitute an excessive fine in violation of the Eighth Amendment.  The government objects.

In this circuit, the critical issue in such circumstances is "whether the fine [i.e., the forfeiture] is 'grossly disproportional to the gravity of a defendant's offense.'" United States v. Ortiz-Cintron, 461 F.3d 78, 81 (1st Cir. 2006) (quoting United States v. Bajakajian, 524 U.S. 321, 334 (1998)). And, as in Ortiz-Cintron, "[j]udged by the criteria used in the case law, this is not even arguably an excessive fine." Id. (citations omitted). Gagalis was convicted of state drug felonies — possession of heroin with the intent to dispense and possession of the controlled drug oxycodone. He was sentenced to a year of imprisonment in the county jail and three and one-half (3½) to seven (7) years of imprisonment in the state prison (suspended for two years upon continued good behavior).

Congress considers illegal drug possession and possession with the intent to distribute those drugs to be very serious offenses, as reflected in the punishment prescribed by statute. That punishment includes imposition of a fine of up to one million dollars — far more than the value of the forfeitable property used by petitioner in the commission of his drug offenses. See 21 U.S.C. § 841(b)(1)(C) and United States Sentencing Guidelines 5E1.2(c)(4); United States v. Heldeman, 402 F.3d 220, 223 (1st Cir. 2005).

Several factors are considered when determining whether a forfeiture is excessive: 1) whether the defendant is in the class of persons at which the criminal statute is principally directed; 2) the penalties prescribed by Congress for the offense(s); and 3) the nature of the harm caused by the offense(s). Heldeman, 402 F.3d at 223. It is clear that petitioner falls within the class of persons at whom pertinent criminal statutes are directed (illegal drug possession, and possession with intent to distribute). His illegal drug activity was knowing, intentional, and based in his home, the property at issue. The imposable fines for such conduct, as authorized by Congress (and the Sentencing Guidelines), far exceed the value of the forfeitable property. And, the harm inflicted upon society by those who violate controlled substances laws is serious. See id. Accordingly, considering the relevant factors, the proposed forfeiture is not grossly disproportionate to the gravity of petitioner's offenses, and plainly does not run afoul of the Eighth Amendment.

While forfeitures can be harsh, the issue before the court is unrelated to fashioning an appropriate criminal sentence. Rather, the issue is whether a statutorily-authorized civil forfeiture, albeit in the nature of punishment, is beyond Congress's power to impose, because it would violate the

Excessive Fines Clause of the Eighth Amendment.  Under clear and controlling precedent, petitioner's claim that it would is not plausible.

## Conclusion

The motion to determine that forfeiture of the defendant in rem would violate the Excessive Fines Clause of the Eighth Amendment (document no. 68) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 31, 2012

cc:  Robert J. Rabuck, AUSA
     Alexander R. Cain, Esq.
     Rodkey Craighead, Jr., Esq.
     Brian C. Dauphin, Esq.
     Murat Erkan, Esq.
     Scott W. LaPointe, Esq.
     Robert A. Shaines, Esq.